**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEROME JOHNSON, pro se, | No. 12-17624 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-04113-YGR |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted April 7, 2014**

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

Jerome Johnson appeals pro se from the district court's summary judgment

in his employment action against the City and County of San Francisco alleging

discrimination and retaliation in violation of the Americans with Disabilities Act

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("ADA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo,

*Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013), and we affirm.

The district court properly granted summary judgment on Johnson's

disability discrimination claim because Johnson failed to raise a genuine dispute of

material fact as to whether the City terminated him because of a perceived

disability.  *See id*. at 955 (elements of prima facie case of disability discrimination

under the ADA).  Moreover, even assuming that Johnson raised a triable dispute as

to the prima facie case, Johnson failed to raise a triable dispute as to whether the

City's legitimate, nondiscriminatory reason for terminating his employment was

pretexual.  *See Snead v. Metro. Prop. & Cas. Ins. Co*., 237 F.3d 1080, 1093-94 (9th

Cir. 2001) (under the ADA, if an employee establishes a prima facie case and the

employer provides a nondiscriminatory reason for its adverse action, the employee

must raise a triable dispute as to pretext).

The district court properly granted summary judgment on Johnson's

retaliation claim because Johnson failed to raise a genuine dispute of material fact

as to whether there was a causal connection between any protected activity and his

termination.  *See Pardi v. Kaiser Found. Hosps*., 389 F.3d 840, 849-50 (9th Cir.

2004) (discussing prima facie case of retaliation under the ADA).

**AFFIRMED.**

12-17624